Rockingham
No. 79-170

AMERICAN HOME ASSURANCE CO.

v.

STAR SPEEDWAY, INC., & a.

December 28, 1979

*Boynton, Waldron, Dill & Aeschliman,* of Portsmouth (*Richard E. Dill* orally), for the plaintiff.

*Shaines, Madrigan & McEachern,* of Portsmouth (*John H. McEachern* orally), for the defendants, Amos and Eleanor Bird.

*Brown & Nixon,* of Manchester (*Michael P. Hall* orally), for the defendants, Richard and Margaret Preston.

MEMORANDUM OPINION

This case raises the sole issue whether plaintiffs in the underlying tort case who have filed suit against certain insured defendants may recover attorney fees when the insurer is unsuccessful in a RSA 491:22 declaratory judgment action.

Richard Preston and Amos Bird were struck by a race car that went out of control during the motor vehicle race at Star Speedway in Epping, New Hampshire, on August 9, 1975. Both sustained serious personal injuries. Mr. Preston was on duty as a track policeman for the town of Epping and was helping to operate the pit lights from time to time during the race. Mr. Bird was watching the race but worked part-time at another race track. During the race in which he was injured, he was in the Speedway pit area with a line-up sheet that was kept to show the positions of the racers. These he showed to the racers from time to time upon request. After Bird and Preston brought suit

against Speedway, the racing association and others (and after their wives brought consortium actions), American Home Assurance Company brought a declaratory judgment action to determine its obligation to Star Speedway and to New England Super Modified Racing Association Inc., its named insureds under two separate insurance policies. The policies contained certain exclusions that would apply if Bird and Preston were found to be race participants. On August 8, 1978, the Superior Court (*Goode*, J.) found that there was no basis on which to conclude that the plaintiffs were participants. The court further found that none of the insurance company's arguments were "persuasive" and that its interpretations of its policies were strained and "unreasonable and absurd."

Following a September 1978 hearing on the question of attorney fees, the court awarded fees to the insureds as well as to the tort plaintiffs, Bird and Preston. The exceptions of American Home Assurance Company were transferred to this court by *Goode*, J., and give rise to the sole question before us.

■■ Whether or not American's arguments were strained, the court did not specifically find bad faith or "obstinate, unjust, vexatious, wanton or oppressive conduct." *Pugliese v. Town of Northwood Planning Board*, 119 N.H. 743, 408 A.2d 113 (1979). In the absence of such specific findings supportable by the evidence, courts are precluded by the reasoning and holding of *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977), from awarding attorney fees. In any event, our review of the case leads us to the conclusion that American's position was not as "unreasonable and absurd" as described below. Although fees were awarded to the insureds in accordance with RSA 491:22-b (Supp. 1977), that statute does not provide for an award of fees to tort plaintiffs under the particular circumstances of this case.

Accordingly, the order awarding fees to the tort plaintiffs must be vacated.

*Exceptions sustained.*

KING, J., did not sit.